[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION I.
This plaintiff seeks to recover for personal injuries she claims to have suffered on July 8, 2000 while she was leaving a bus owned and operated by the defendant.
The defendant denies the plaintiff was a passenger on the bus at the time and place she claims. It also argues that the plaintiff could not have incurred her alleged injury in the manner she claims.
 II.
At trial, the defendant called the bus operator who testified as to his route and location during the time in question. His statement on these points was taken shortly after the plaintiffs claim was called to his attention. He stated that as the bus approached the stop at which the plaintiff says she was alighting and was injured, only a male passenger was on the bus and he was assisted in departing via the front door by activating the "kneeler", a process by which the bus is lowered to assist elderly passengers.
The plaintiff said she attempted to exit via the rear door and that door "banged her right knee." She added that her left foot was at the CT Page 2930 bottom step in the doorway when she was struck. At an earlier deposition, she stated that her right leg was through the exit way when the door closed on it: "It got caught in the door."
The defendant offered three videos of the operation of this door. One of these shows the doors closing on empty beverage cans. The cans were also placed in evidence.
Because of the two conflicting versions of the plaintiff and the operator, the evidence dealing with the alleged injury and the operation of the doors is significant.
The court has reviewed these tapes and is compelled to conclude that the plaintiff could not have been struck on the right knee as she has claimed. Further, putting aside how she was struck, the court cannot conclude that this door could strike with sufficient force to cause the injury complained of. The soda cans on which the doors closed are but slightly dented.
Further support for these conclusions is found in the testimony of David Pool, an engineer called by the defense. He explained how these doors operate and measured their closing force at six pounds. It was his testimony that if the plaintiff were struck as she claimed, the impact would be to the inner aspect of the knee. The pain noted in a medical report involved the patella.
 CONCLUSION
The court has carefully examined the evidence in this case, viewed and re-viewed the videotapes. It is concluded that the plaintiff has not sustained her burden of proof and judgment must enter for the defendant.
Anthony V. DeMayo, J.T.R